**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

GEVORK KHACHATURIAN,

Petitioner,

v.

THOMAS P. GILES, et al.,

Respondents.

Case No. 2:26-cv-09976-DFM

ORDER GRANTING IN PART UNOPPOSED PETITION FOR WRIT OF HABEAS CORPUS

## I. INTRODUCTION

Petitioner Gevork Khachaturian filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his civil immigration detention at the Adelanto ICE Processing Center. See Dkt. 1 ("Petition"). Respondents did not appear or respond by the deadline. See Dkt. 5; see also Dkt. 6 (Petitioner's Notice of Respondents' Failure to Answer). As Petitioner acknowledges, that default does not itself entitle Petitioner to relief, see Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990), so the Court treats the Petition's well-pleaded allegations as uncontested and reaches the merits.

For the reasons stated below, the Petition is **GRANTED**. Within twenty-four (24) hours, Respondents shall release Petitioner Gevork Khachaturian (A# 246-594-569) under his previously applicable conditions of supervision. Petitioner's remaining claims and requests for relief are **DENIED**.

## II. BACKGROUND

Petitioner, a citizen of Russia, entered the United States on or about December 20, 2022 at or near San Luis, Arizona, was apprehended by U.S. Customs and Border Protection, and was paroled into the United States under 8 U.S.C. § 1182(d)(5) on December 22, 2022. See Petition ¶ 1; id., Ex. A. The parole stamp states that parole was authorized through an illegible date in 2023. See id., Ex. A at 5. A document served with the parole grant advised: "AS A CONDITION OF YOUR PAROLE YOU ARE TO REPORT TO THE [ICE] OFFICE NEAR YOUR FINAL DESTINATION WITHIN 60 DAYS OR FACE REMOVAL FROM THE UNITED STATES." Id., Ex. A at 3.

Petitioner has continuously resided in Los Angeles County, California since approximately December 22, 2022. Id. ¶ 4. United States Citizenship and Immigration Services ("USCIS") received Petitioner's Form I-589 Application for Asylum and for Withholding of Removal—filed on his and his family's behalf—on November 6, 2023. See id. ¶ 2 & Ex. B. Petitioner's Form I-589 application remains pending. See id. ¶ 10. In May 2024, USCIS approved Petitioner's Form I-765 Application for Employment Authorization, valid from May 15, 2024 through May 14, 2029. See id. ¶ 5; & Ex. C.

Petitioner alleges that for nearly four years, he complied with every condition of his release. See id. ¶ 14. He appeared at every scheduled check-in. See id. He has no criminal convictions. See id. ¶ 8. He was charged with a misdemeanor petty theft in August 2023; accepted the court's judicial diversion offer; successfully completed diversion; and, on the People's own motion, the charge was dismissed on April 15, 2024. See id. & Ex. E. Petitioner has appeared for multiple check-ins with ICE since then, including one appointment in April 2026, two appointments held five days apart in July 2026, and another appointment in August 2026. See id. ¶¶ 9, 14.

On September 1, 2026 Petitioner attended another ICE check-in. See id. ¶¶ 6, 9. At this appointment, Petitioner was arrested by ICE. See id. ¶ 6. The record discloses no reason for the re-arrest; Petitioner alleges that his arrest and detention is not premised on any changed circumstances. See id. ¶ 14. The record discloses no process afforded Petitioner before or since his re-detention; he appears to have received no custody redetermination hearing and alleges that no neutral adjudicator has ever found that he is a flight risk or a community danger. See id. ¶¶ 13, 34 ("ICE did not set bond and has provided no individualized custody determination."), 57 ("ICE arrested Petitioner at his scheduled check-in appointment and has detained him ever since without setting bond and without any individualized finding . . . that he is a flight risk or a danger, when in fact Petitioner was paroled into the United States on December 22, 2022 and had resided in the interior of the United States, in full compliance with all conditions of his release, for nearly four years before his ICE arrest"); but see id. ¶ 51 ("Petitioner is solely challenging his detention and the denial of bond based on the Immigration Judge's factually erroneous conclusion that he was apprehended upon entry"). Petitioner argues that he was detained not based on his personal circumstances or individualized facts, but under a policy of re-detaining paroled, compliant asylum applicants when they appear for their scheduled check-in appointments—a practice that punishes precisely the compliance that conditions of release are designed to secure. See id. ¶ 15.

Petitioner claims that his re-detention violates the Fifth Amendment Due Process Clause, 8 U.S.C. § 1231(a)(6), and the Administrative Procedure Act. See id. ¶¶ 48-74. He seeks release from custody, related declaratory relief, and permanent, prospective injunctive relief regarding his re-detention. See id. at 19-20 (Prayer for Relief).

## III. DISCUSSION

A district court may grant habeas relief when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This Court has jurisdiction over a challenge to the statutory basis for present immigration detention that does not contest the validity of a removal order. See Trinidad y Garcia v. Thomas, 683 F.3d 952, 956 (9th Cir. 2012) (en banc) (per curiam). Exhaustion is prudential, see Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011), and not argued by the non-appearing Respondents.

The record indicates that Petitioner's asylum application remains pending. See Petition ¶ 10; see also https://acis.eoir.justice.gov/en/ (search A-Number: "246594569," Nationality: "Russia") (last accessed September 16, 2026) (Court Decision and Motion Information: "This case is pending."). The record does not include a Notice to Appear or a removal order. Thus, on the limited record before the Court, Petitioner's detention appears to be governed by 8 U.S.C. §§ 1225 and 1226, not § 1231. See Johnson v. Guzman Chavez, 594 U.S. 523, 533-34 (2021). However, the analysis below does not hinge on the statute governing Petitioner's detention pending his asylum proceedings.

The Due Process Clause protects a person's interest in conditional liberty once they have been released. In Morrissey v. Brewer, 408 U.S. 471, 482 (1972), the Supreme Court held that such liberty "is valuable and must be seen as within the protection of" the Due Process Clause, and that its termination "calls for some orderly process." Petitioner, referencing his parole, alleges that he "has a protected liberty interest in his continued release." See Petition ¶ 16. The non-appearing Respondents have not contested this.

The record indicates that Petitioner was paroled into the United States per 8 U.S.C. § 1182(d)(5) through a date in 2023. See Petition ¶ 1 & Ex. A. Nothing in the record indicates that Petitioner's parole was extended; it thus

appears to have expired by its own terms. See 8 C.F.R. § 212.5(e)(1), (e)(1)(ii) (parole granted for a fixed period is "automatically terminated without written notice" upon "the expiration of the time for which parole was authorized.").

Nonetheless, the record indicates that Petitioner remained at liberty with at least some supervision for years thereafter. The record further indicates that Petitioner was issued employment authorization in 2024, valid through May 14, 2029. Under these circumstances, Petitioner appears similarly situated to cases in which other district courts have recognized that noncitizen asylum applicants have a protected liberty interest in remaining at liberty in the community absent sufficient justification for their re-detention based on the government's decision not to detain them or otherwise impede their liberty while exercising authority over them for purposes of adjudicating their applications for immigration relief. See, e.g., Yao v. Janecka, No. 26-04735, 2026 WL 2666861, at *4 (C.D. Cal. Sept. 10, 2026) (collecting cases).

The sufficiency of the procedures attending a deprivation of liberty is assessed under the three-factor framework of Mathews v. Eldridge, 424 U.S. 319, 335 (1976), which weighs (1) the private interest affected, (2) the risk of erroneous deprivation under the procedures used and the probable value of additional safeguards, and (3) the Government's interest, including the burdens of additional process. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022) (applying Mathews to immigration detention).

Each factor favors Petitioner. The private interest—freedom from confinement after multiple years of living and working at liberty in the community—is substantial. The risk of erroneous deprivation is high because, on this record, Petitioner has received no individualized custody determination of any kind. And no governmental interest appears: Respondents assert no danger, flight risk, violation of release conditions, or changed circumstances. The re-detention violated procedural due process.

The unopposed remedy is release restoring the status quo ante—the conditions of Petitioner's prior release. That disposition affords complete relief, so the Court does not reach Petitioner's remaining claims. The Court expresses no view on any future re-detention, which would necessarily be on a different record.

## IV. ORDER

For the foregoing reasons, IT IS ORDERED that:

1. The Petition is **GRANTED** in part.

2. Respondents shall forthwith release Petitioner Gevork Khachaturian (A# 246-594-569) on the conditions of release in effect immediately before his September 1, 2026 re-detention.

3. Within three (3) days, Respondents shall file a status report confirming compliance with paragraph 2.

4. All other requests for relief are **DENIED**.

5. Any application for fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, shall be filed in accordance with that statute.

Date: September 17, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge